NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY D.,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Civil Action No. 21-16021 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Anthony D.'s ("Plaintiff")[1] appeal of the Commissioner of the Social Security Administration's (the "Commissioner") final decision denying his request for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act. (ECF No. 1.) The Court has jurisdiction to review this appeal under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Court affirms the Commissioner's decision.

I.    **BACKGROUND**

In this appeal, the Court must determine whether substantial evidence supports the Administrative Law Judge's (the "ALJ") finding that Plaintiff was not disabled and could perform a full range of work at all exertional levels with certain non-exertional limitations. (*See* ECF No. 1.) The Court begins with a brief background of the procedural posture and decision by the ALJ.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Ord. 2021-10.

### A. Procedural Posture

Plaintiff filed an application for DIB and SSI, alleging a disability onset date based upon the conditions of bipolar disorder and major depression. (AR 43, 220, 249, ECF No. 12.)[2] The Social Security Administration (the "Administration") denied the request both initially and on reconsideration. (*Id.* at 43.) Thereafter, Plaintiff requested a hearing, which the ALJ conducted. (*Id.*) The ALJ subsequently issued a written opinion, where he determined that Plaintiff was not disabled during the relevant period and could perform a full range of work at all exertional levels with certain non-exertional limitations. (*Id.* at 47-53.) Plaintiff appealed that decision, and the Administration's Appeals Council denied Plaintiff's request for review.[3] (*Id.* at 26-28.) This appeal followed.[4] (ECF No. 1.)

### B. The ALJ's Decision

In his decision, the ALJ concluded that Plaintiff was not disabled under the prevailing administrative regulations. (AR 53.) He set forth the five-step process for determining whether Plaintiff is disabled. (*Id.* at 44-45.) At step one, the ALJ found that Plaintiff had not "engaged in substantially gainful activity" since the alleged onset date. (*Id.* at 45.) At step two, the ALJ found Plaintiff to have the following severe impairments: (1) bipolar affective disorder, type I; and (2) generalized anxiety disorder. (*Id.* (citing 20 C.F.R. § 416.920(c).) At step three, the ALJ

---

[2] The Administrative Record (the "AR") is found at ECF No. 12. The Court will reference the relevant pages of the AR.

[3] In denying Plaintiff's request for review, the Administration's Appeals Council found that Plaintiff failed to "provide a basis" for appellate review. (AR 26.)

[4] The Court notes that this matter was administratively terminated following correspondence from Plaintiff indicating that he was seeking legal assistance. (ECF No. 15.) After unsuccessfully attempting to obtain counsel, Plaintiff filed a motion for appointment of pro bono counsel in this matter. (ECF No. 19.) The Court denied that motion on January 22, 2026. (ECF No. 22.) The Court therefore considers Plaintiff's appeal at this time.

determined that Plaintiff did not have an impairment that medically equaled the severity of impairments under 20 C.F.R. §§ 404.1520(d), 404.1525, 416.920(d) and 416.926. (*Id.* at 46.) The ALJ then found that Plaintiff had the residual functional capacity (the "RFC"):

> to perform a full range of work at all exertional levels but with the following non[-]exertional limitations: he could understand, remember, and carry out simple, routine instructions; could sustain attention and concentration over an [eight] hour workday, with customary breaks, on simple, routine tasks; and could use judgment in making work-related decisions commensurate with this same type of work. He would be able to handle changes to essential job functions occasionally. He could have occasional interaction with coworkers and supervisors, beyond any increased interactions initially required to learn the job, but could never work in tandem with coworkers to complete job tasks, such as assembly line work. Finally he could never have interaction with the public required in order to complete job tasks.

(*Id.* at 47.)

In reaching this determination, the ALJ considered relevant medical records and concluded that Plaintiff suffered from mental limitations, but that his statements about the "intensity, persistence, and limiting effects of his [] symptoms" were inconsistent with the record evidence. (*Id.* at 48.) At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. (*Id.* at 51.) At step five, the ALJ determined that based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, including as a warehouse worker, industrial cleaner, and hospital cleaner. (*Id.* at 52-53.)

## II. LEGAL STANDARD

### A. Standard of Review

On appeal from the final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the

3

cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "may be somewhat less than a preponderance[] of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation marks omitted). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (citation omitted).

### B. Establishing Eligibility for Disability and SSI

To be eligible for disability and supplemental income benefits, a claimant must be unable to "engage in any substantial gainful activity [("SGA")] by reason of any medically determinable

4

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). For purposes of the statute, a claimant is disabled only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

Social Security regulations provide a five-step evaluation procedure to determine whether an individual is disabled. 20 C.F.R. §§ 404.1520(a)(4). The burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009).

For the first step, the claimant must establish that he has not engaged in any SGA since the onset of his alleged disability. 20 C.F.R. § 404.1520(a)(4)(i), 416.920(a)(4)(i). For the second step, the claimant must establish that he suffers from a "severe . . . impairment" or "combination of impairments." 20 C.F.R. §§ 404.1520(a)(4)(h), 416.920(a)(4)(ii). If the first two steps are satisfied, the third requires the claimant to provide evidence that his impairment "meets or equals" an impairment listed in Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant demonstrates sufficient evidence under the third step, he is presumed to be disabled and is automatically entitled to disability benefits. *See id.* If he cannot so demonstrate, however, the eligibility analysis proceeds to step four. *See* 20 §§ C.F.R. 404.1520(e), 416.920(e).

Under the fourth step, the ALJ determines whether the claimant's RFC permits him to resume his previous employment. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can continue the work that he performed pre-impairment, then he is not "disabled" and not entitled to disability benefits. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot continue in this line of work, the analysis proceeds to step five. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work that is consistent with his RFC, age, education, and past work experience. *See id.*; *Malloy*, 306 F. App'x at 763. If the Commissioner cannot satisfy this burden, the claimant will receive Social Security benefits. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

**III.   DISCUSSION**

Plaintiff filed multiple documents in support of his Complaint. (*See, e.g.*, Pl.'s Moving Br. *5, ECF No. 16; ECF No. 16-1; ECF No. 16-2; ECF No. 16-3; ECF No. 16-4.)[5] These submissions do not allege any specific errors made by the ALJ, but generally contend that Plaintiff has been "completely neglected" by the Administration and "should be awarded his benefits." (Pl.'s Moving Br. *5, ECF No. 16.) Because Plaintiff does not raise any specific challenge to the ALJ's decision, the Court will analyze whether the ALJ's decision was supported by substantial evidence. *See Galette v. Colvin*, No. 15-5636, 2017 WL 1105644, at *3 (E.D. Pa. Mar. 24, 2017) (reviewing ALJ's decision for whether it was supported by substantial evidence where plaintiff did not raise a specific challenge), *aff'd sub nom.*, *Galette v. Comm'r Soc. Sec.*, 708 F. App'x 88 (3d Cir. 2017). Upon a careful review of the record, the Court finds that the ALJ's decision was supported by substantial evidence.

---

[5] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

First, the ALJ adequately considered Plaintiff's mental limitations and found that he suffered from bipolar affective disorder and generalized anxiety disorder.[6] (AR 45-46.) The ALJ then considered the four areas of mental functioning described in the disability regulations, known as the "Paragraph B" criteria, and concluded that Plaintiff did not suffer from an impairment or combination of impairments that was "severe." *See* 20 C.F.R. § 404.1520a(c)(4). In the first functional area, concerning "understanding, remembering, or applying information," the ALJ found that Plaintiff had a moderate limitation. (AR 46.) The ALJ noted that while Plaintiff had some limitations in understanding and remembering, the results of his consultative examination and other medical evidence demonstrated that he had no serious deficits in long-term memory, short-term memory, insight, or judgment.[7] (*Id.*) In the second functional area, the ALJ considered Plaintiff's ability to interact with others and found that he had a moderate limitation due to his reported social anxiety and inability to "get along" with others. (*Id.*) With respect to the third functional area, the ALJ found that Plaintiff had a moderate limitation in "concentrating, persisting, or maintaining pace." (*Id.*) The ALJ reasoned that while Plaintiff reported having difficulty completing tasks, his treating physicians did not observe that Plaintiff was slow or overly distractible. (*Id.*) Finally, regarding the fourth functional area, the ALJ found that Plaintiff had a

---

[6] Plaintiff did not allege his disability was due to any physical conditions. (*See* AR 245 (alleging disability due to bipolar disorder and major depression).) While correspondence from Plaintiff's sister and caretaker states that Plaintiff has been suffering from "severe achalasia and kidney disease for the last two years," and was later approved for SSI presumably on this basis, (*see* Pl.'s Moving Br. 1), Plaintiff did not raise these conditions before the ALJ. (*See generally* AR.) The Court's review is limited to the evidence that was before the ALJ at the time he rendered his decision. *See* 42 U.S.C. § 405(g). Accordingly, post-decision developments, including subsequent disability awards, do not undermine the ALJ's conclusions. *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001) ("[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence.").

[7] The Court only summarizes the ALJ's findings in this Memorandum Opinion. For the ALJ's full reasoning, the Court refers to his decision in the Administrative Record.

moderate limitation concerning his ability to adapt and manage himself. (*Id.*) The ALJ noted that while Plaintiff's hygiene appeared to be poor at the hearing, the observations of treating practitioners generally showed that Plaintiff had no deficiencies in hygiene. (*Id.*)

Because the ALJ concluded that Plaintiff's mental limitations did not cause "at least one extreme limitation or two marked limitations," the Paragraph B criteria were not satisfied, and the ALJ concluded that Plaintiff's mental impairments were "not severe." (*Id.* at 21); *see* 20 C.F.R. § 404.1520a(d)(1). In reaching his conclusion, the ALJ considered all relevant medical records and based his judgment on substantial medical evidence.[8]

Second, the ALJ adequately explained the weight he gave to the medical opinions in the record. The ALJ did not discredit the opinion of any medical professional, but rather afforded partial weight to each of their opinions. (*See* AR 50-51.) For example, the ALJ credited the opinions of: (1) licensed social worker Susan Taylor who opined that Plaintiff suffered from bipolar disorder; (2) Dr. Schuman, who diagnosed Plaintiff with bipolar disorder and generalized anxiety disorder; (3) Dr. Rajput, who diagnosed Plaintiff with bipolar affective disorder and opined that Plaintiff would be able to manage his own funds with further adjustments to his medication; and (4) the DDS consultants who found that Plaintiff had severe mental impairments that caused no more than moderate limitations on his ability to complete basic tasks. (*Id.*) The ALJ further afforded partial weight to the opinion of Plaintiff's sister and caretaker who stated that Plaintiff encountered difficulties while lifting, squatting, kneeling, completing tasks, concentrating, understanding, following instructions, and getting along with others. (*Id.*) The Court thus finds

---

[8] In addition to reviewing the "Paragraph B" criteria, the ALJ considered whether "Paragraph C" was satisfied. (AR 47.) He found that the evidence failed to establish the presence of "Paragraph C" criteria in part because medical treatment diminished the signs of Plaintiff's mental impairments, and Plaintiff had more than a minimal capacity to adapt to changes in his environment. (*Id.*)

that the ALJ properly evaluated the medical opinion evidence in the record and adequately explained his rationale for affording partial weight to each opinion. *See Colvin v. Colvin*, No. 15-515, 2016 WL 1266961, at *1 (W.D. Pa. Mar. 31, 2016) ("The ALJ is entitled to determine the worth of the available medical opinions, so long as he explains his reason for doing so."), *aff'd sub nom.*, *Colvin v. Comm'r Soc. Sec.*, 675 F. App'x 154 (3d Cir. 2017).

Finally, the ALJ's determination of Plaintiff's RFC is supported by substantial evidence in the record. An ALJ need not "perform a 'function-by-function' analysis . . . so long as the ALJ's RFC determination is supported by substantial evidence in the record." *Glass v. Comm'r of Soc. Sec.*, No. 18-15279, 2019 WL 5617508, at *8 (D.N.J. Oct. 31, 2019). Here, a fair reading of the decision shows that the ALJ considered all of Plaintiff's mental impairments and subjective complaints. (AR 47-48.) The ALJ adequately examined Plaintiff's ability to function, and noted, inter alia, that he lives with his family, does laundry and prepares simple meals, takes anxiety and other medications which help him manage his mental impairments, takes out the garbage, and occasionally travels by riding in a car. (*Id.* at 48.) The ALJ, accordingly, reasonably concluded that Plaintiff could perform a full range of work at all exertional levels with specific non-exertional limitations. (*Id.* at 47-48.)

After independently reviewing the record evidence, the Court concludes that the ALJ's conclusion that Plaintiff was not disabled is adequately supported by substantial evidence in the record. *See Galette*, 708 F. App'x at 91 (affirming denial of DIB and SSI where the ALJ "appropriately grounded" his conclusion that plaintiff was not disabled in the medical records and testimony).

## IV. CONCLUSION

For the foregoing reasons, the Court affirms the Commissioner's final decision. An Order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**DATED:** January 22, 2026